DECISION
This appeal concerns the real market value (RMV) of certain residential property for the 2009-10 tax year. The property is identified in the Clackamas County tax records as Account 01782798.
A trial was held November 18, 2010. Martin Karge testified for Plaintiffs; Matt Healy, County Appraiser, represented Defendant.
 I. STATEMENT OF FACTS
The subject property is a single family residence located at 17695 South Fieldstone Court in Oregon City. It was built in 2002 and has 6,082 square feet of living area with an attached garage of over 3,300 square feet. (Def's Ex A-8.)
The Clackamas County Board of Property Tax Appeals (BOPTA) reduced Defendant's original total RMV of $1,916,146 downward to $1.6 million. Plaintiffs amended their request at trial to seek $998,000 RMV.
Plaintiffs' chief evidence consisted of information of four property sales that occurred after the January 1, 2009 assessment date. The sales took place between April 21 and July 29, 2009. (Ptfs' Ex 1 at 4-7.) No time adjustments were made to account for the declining real estate market. Plaintiffs determined the average square foot price to be $147.65. By multiplying by the subject property's size, the computation yielded $898,007. To that they added $100,000 *Page 2 
to account for additional amenities, such as the indoor swimming pool and large garage. That yielded the $998,000 total RMV requested at trial. (Id. at 1.)
Plaintiffs also cited a Competitive Market Analysis that concluded a total value of $891,221 as of March 11, 2010, more than 14 months past the assessment date at issue. (Ptfs' Compl at 14.) The author of that report did not testify at trial.
Defendant's expert appraiser offered a comprehensive review of pertinent market transactions. He was available at trial to answer questions and explain his adjustments. He examined four sales of comparable properties. The sales prices ranged from $1,175,000 to $1.6 million. After necessary adjustments for differences, the final values indicated were from $1,422,551 to $1,769,523. (Def's Ex A-8.)
 II. ANALYSIS
The court's assignment is to determine the RMV of Plaintiffs' property as of January 1, 2008. ORS 308.205(1) defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
The court looks for "arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. ClackamasCounty Assessor, TC-MD No 020869D, WL 21263620 *3 (Mar 26, 2003).
Plaintiffs in this case have presented some evidence of market transactions that did happen, however, any appropriate analysis of that information does not appear in this record.
In evaluating the competing evidence, the court looks to the comparability of the different sales and the application of all necessary adjustments for differences. Adjustments are a key component in evaluating properties. According to Appraisal Institute, The Appraisal of Real Estate
307 (13th ed 2008): *Page 3 
 "Ideally, if all comparable properties are identical to the subject property, no adjustments will be required. However, this is rarely the case * * *. After researching and verifying transactional data and selecting the appropriate unit of comparison, the appraiser adjusts for any differences."
Informed buyers consider a number of factors relevant in an arm's-length transaction, including size, location, year of construction, and condition of the premises. See ORS 308.205. Valuing a property based on sales of comparable properties is "well accepted." See Ward v. Dept. of Revenue,293 Or 506, 511, 650 P2d 923 (1982) (citations omitted). However, "[b]ecause sales are seldom comparable in every detail, adjustments must be considered which reflect differences."Id. (citations omitted). Raw, unrefined price information is not enough. Averaging is not a preferred technique.
Plaintiffs here made no adjustments to the four cited sales. There is no way for the court to account for relevant property differences. There is no consideration given to the declining market and the post-assessment date sales. The averaging of the sales price per square foot distorts the nature of the appraisal process; more is required to support a large-scale assessment reduction.
Defendant's evidence, on the other hand, is of the quality necessary to support the BOPTA conclusions. The collection was based on relevant market activities, necessary adjustments, and professional expertise.
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. ofRevenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev.,310 Or 260, 265, 798 P2d 235 (1990). Plaintiffs in this case have not met that statutory requirement. Accordingly, their appeal must be denied. *Page 4 
 III. CONCLUSION
The court concludes that Plaintiffs have failed to establish by a preponderance of the evidence that a reduction in the RMV for the 2009-10 tax year is warranted. Accordingly, the record RMV as set by BOPTA, must be, and is hereby, sustained. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ____ day of December 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailingto: 1163 State Street, Salem, OR 97301-2563; or byhand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60days after the date of the Decision or this Decision becomesfinal and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattsonon December 10, 2010. The Court filed and entered this documenton December 10, 2010. *Page 1